IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATRINA CASEY LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-229-E |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 21st day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1]  Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff argues that the Administrative Law Judge ("ALJ") inadequately evaluated the medical opinion of Janet Pawlowski, R.N, M.A., L.M.F.T. (R. 952-55), one of her treating sources, and that, because of this failure, the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. The Court finds no merit in Plaintiff's contentions and further finds that substantial evidence supports the ALJ's analysis of the opinion evidence, his RFC findings, and his determination that Plaintiff is not disabled.

Plaintiff is correct that for cases such as this one, filed on or after March 27, 2017, the amended regulations set forth at 20 C.F.R. § 416.920c apply to an ALJ's consideration of medical opinion evidence. While there are several differences between the old and new versions of the regulations, probably the most significant is that the newer version has eliminated the "treating physician rule." *Compare* 20 C.F.R. § 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 416.920c(b) and (c). While Plaintiff suggests that the ALJ's analysis failed to comport with these criteria, the Court disagrees.

Plaintiff first argues that the ALJ erroneously relied on RN Pawlowski's own treatment notes to partially discount her opinion. To the extent that Plaintiff contends that a doctor's assessment of a claimant in a clinical context does not ***necessarily*** contradict that doctor's seemingly more restrictive opinion as to how the claimant could function in the workplace, she certainly has legal support. *See Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 356 (3d Cir. 2008). However, to the extent she suggests that a medical source's clinical findings are inherently irrelevant as to a claimant's functional limitations, or as to the supportability and consistency of a medical opinion, this is clearly refuted by the regulations and Third Circuit case law. An ALJ can, and in fact must, consider objective medical evidence such as clinical findings and mental status reports in making his or her findings. *See* 20 C.F.R. § 416.929(c)(2); SSR 16-3p, 2016 WL 1119029, at *5 (S.S.A. 2016). This includes considering the consistency between a treating source's opinion and his or her own treatment notes. *See Bryson v. Comm'r of Soc. Sec.*, 639 Fed. Appx. 784, 787 (3d Cir. 2016); *Kibe v. Comm'r of Soc. Sec.*, 787 Fed. Appx. 801, 802-03 (3d Cir. 2019). There was nothing inherently wrong, therefore, with the ALJ citing to RN Pawlowski's treatment records, which he fairly characterized as containing largely unremarkable findings, as being inconsistent with some of the restrictions to which she opined.

Indeed, the ALJ not only discussed whether RN Pawlowski's opinion was supported by and consistent with her own clinical findings and treatment notes, but also whether it was consistent with the other objective evidence in the record. Plaintiff asserts that his analysis on this point was too curt, but the ALJ expressly found that Ms. Pawlowski's opinion was only partially consistent with "the overall evidence of record." (R. 21). In the pages preceding this

statement, the ALJ discussed the record evidence at significant length, including clinical findings such as mental status examinations and treatment notes.  He even incorporated his discussion of the evidence in his Step Three determination as to whether Plaintiff met a listing into his discussion about how he formulated Plaintiff's RFC.  (R. 20).  It is therefore quite clear to what the ALJ was referring when he found that RN Pawlowski's opinion was not fully consistent with "the overall evidence of record."

The parties both discuss the Third Circuit's opinion in *Jones v. Barnhart*, where the circuit court stated that, in articulating their analyses, ALJs are not beholden to any "particular language" or "particular format," and that an ALJ's decision must be "read as a whole." 364 F.3d 501, 505 (3d Cir. 2004).  Plaintiff argues that this directive to look at the decision as a whole does not absolve an ALJ of his or her duty to clearly explain the basis for assigning the persuasiveness of the medical source's opinion.  This is true, but it is not what happened here.  As stated above, the ALJ's decision and discussion of the evidence makes clear what he means in his discussion of RN Pawlowski's assessment.

Plaintiff further contends that, in any event, the ALJ failed to address aspects of the record that were consistent with Ms. Pawlowski's opinion in assessing its persuasiveness.  However, throughout the decision, the ALJ acknowledged problems documented in the record, such as Plaintiff's history of socio-emotional and academic difficulties, her sometimes flat and anxious affect, and her difficulties with concentration.  He considered this evidence along with objective evidence showing normal mental status examinations, improvements in concentration, and minimal treatment since her application date.  (R. 20). He also acknowledged and considered RN Pawlowski's longitudinal treating relationship with Plaintiff.  The ALJ's findings were further supported by the opinions of the state agency consultants which were generally consistent with his RFC findings.

The Court is aware that Plaintiff is not overtly asking it to draw its own conclusions from the evidence.  However, by asking the Court to insist that the ALJ should have more heavily relied on the evidence Plaintiff finds important, she is essential inviting the Court to do just that.  However, as Plaintiff acknowledges, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Plaintiff does highlight evidence that she argues leads to a contrary conclusion, but "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  Here, more than substantial evidence supports the ALJ's determination, as he himself discussed at length.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings.  The Court will therefore affirm.

Therefore, IT IS HEREBY ORDERED that Plaintiff's otion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED as set forth herein.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:     Counsel of record